U N I T E D   S T A T E S   D I S T R I C T   C O U R T
E A S T E R N   D I S T R I C T   O F   N E W   Y O R K

```
-----------------------------X  Docket#
UNITED STATES OF AMERICA,     : 16-mj-00173-RER-1
                              :
     - versus -               : U.S. Courthouse
                              : Brooklyn, New York
BLERIM RAMADAN SKORO,         :
               Defendant      : March 2, 2016
-----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR INITIAL APPEARANCE
BEFORE THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:


**For the Government:**       **Robert L. Capers, Esq.**
                              United States Attorney

                       BY:    **Ryan Harris, Esq.**
                              **Keith Edelman, Esq.**
                              Assistant U.S. Attorney
                              271 Cadman Plaza East
                              Brooklyn, New York  11201


**For the Defendant:**        **Joshua L. Dratel, Esq.**
                              29 Broadway Suite 1412
                              New York, NY 10006

**Transcription Service:**    **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK: Criminal Cause for Arraignment on

2     the complaint, United States of America v. Blerim Skoro,

3     16-m-173.

4          Counsel?

5          MR. HARRIS:  Ryan Harris for the United States.

6          Good afternoon.

7          MR. DRATEL:  Good afternoon, your Honor.

8          Joshua Dratel for Mr. Skoro.

9          THE COURT:  Good afternoon.

10          Mr. Skoro, the purpose of this proceeding is to

11     make sure that you understand the charges that are

12     pending against you, make sure that you understand your

13     rights as a defendant in a criminal case and to address

14     the question of whether you should be released on bail or

15     held in jail until your trial.

16          You have the right to remain silent.  You do

17     not have to make a statement to anyone.  If you start to

18     make a statement, you can stop at any time.  If you have

19     made statements in the past, you are not required to make

20     statements in the future.

21          Any statements that you do make, however, can

22     and will be used against you in your case except for

23     statements that you make to your attorney and those are

24     privileged.

25          Do you understand?

3

Proceedings

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Okay.  You also have the right to

3    be represented by an attorney throughout your case.  I

4    understand that you have retained Mr. Dratel to represent

5    you.  If at some point in time, you can no longer to

6    afford to retain him, you can ask the Court to appoint an

7    attorney to represent you and if you are eligible

8    financially, the Court will appoint an attorney for you.

9          Do you understand?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Okay.  Mr. Skoro, you've been

12    charged in a complaint with illegal reentry into the

13    United States.

14          Have you seen a copy of the complaint, the

15    charging documents?

16          THE DEFENDANT:  (No verbal response).

17          THE COURT:  Did Mr. Dratel go over the charges

18    with you?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you understand the charges?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Okay.  Mr. Dratel, you've had these

23    discussions with Mr. Skoro?

24          MR. DRATEL:  I have, your Honor.

25          THE COURT:  Satisfied that he understands the

4

Proceedings

1  charges and his rights?

2          MR. DRATEL:  Yes, your Honor.

3          THE COURT:  Okay.  In light of Mr. Skoro's

4  immigration status, I take it you do not have a bail

5  package to present, or maybe I am wrong.

6          MR. DRATEL:  We do.

7          THE COURT:  Okay.

8          MR. HARRIS:  Yes.

9          THE COURT:  All right.  Let me hear first from

10  the government then.  What's the government's position

11  with respect to bail?

12          MR. HARRIS:  Your Honor, the government is

13  requesting that the defendant be detained.  He has no

14  status in the United States.  He's previously been

15  deported and nonetheless returned.

16          And so, just based on a review of the

17  complaint, the defendant has a serious criminal history

18  involving conspiracy to import heroin.  He served a

19  substantial period of time for that, was removed and is

20  here again.  He has a strong incentive to flee and for

21  those reasons, we are requesting that the defendant be

22  detained.

23          I would also -- nothing else, your Honor.

24          THE COURT:  All right.

25          MR. DRATEL:  Your Honor, he has one conviction.

Proceedings

1  He served his time and was deported.  So it's not -- as

2  far as criminal history, it's limited to one conviction.

3  His family is here.  His wife and three children,

4  although his youngest is out with the middle child

5  because he was making some noise during the prior case.

6  And his mother-in-law is here, too.  His mother-in-law is

7  also willing to put up property, the home that she has

8  and there's enough equity, I think, to cover a bond and I

9  think that given -- we can also get some additional

10  signatures.  We could probably get a half dozen

11  signatures.

12          This is someone who is living open -- as the

13  complaint makes clear, he's living open and notoriously

14  as himself with his own I.D. in the United States and

15  there's other information that I would like to share with

16  the Court.  I can't do it in open court.  I need at least

17  a side-bar, I would like off the record at first and to

18  see how we handle this.

19          MR. HARRIS:  Your Honor, I know what the

20  (indiscernible) is referencing.

21          MR. DRATEL:  Well, I don't know what the

22  government is referencing.  There's another assistant

23  here who would know what I am talking about but he

24  decided not to be here when I spoke to him outside.  He

25  ran away and he hasn't come back.  So I don't know.  I

6

Proceedings

1   would like to -- this is important for purposes of this

2   proceeding.

3          MR. HARRIS:  Your Honor, given the reference to

4   another assistant, it may make sense to do a brief second

5   call, so I can speak with the assigned assistant and

6   determined what exactly is being said.

7          MR. DRATEL:  No, he knows.  It's revealed.  He

8   knows.  He poked his head in and then I spoke to him and

9   he wanted to talk to someone else, another lawyer who --

10          THE CLERK:  Well, maybe Keith --

11          MR. DRATEL:  -- Mr. Skoro does not want to

12   represent --

13          THE CLERK:  -- knows about it because --

14          MR. DRATEL:  There's a back story here.

15          THE COURT:  I gather that and I am

16   uncomfortable having an off-the-record discussion.

17          MR. DRATEL:  Well, at least sealed.

18          MR. HARRIS:  I'm sorry, your Honor, if I may.

19          THE CLERK:  Okay.

20          MR. EDELMAN:  I was just actually trying to

21   discuss in relation to this case, I didn't realize this

22   was the defendant.  My name is Keith Edelman --

23          THE CLERK:  Okay.

24          THE COURT:  Oh, okay, the other --

25          MR. EDELMAN:  -- on behalf of the United

7

Proceedings

1    States.  Apologies for not being here present right now.

2    Just to jump right into it, we think there's a conflict

3    of interest here before proceeding with today's

4    arraignment and would ask that CJA counsel be appointed

5    for purposes of today.

6              Mr. Zissou has previously represented this

7    defendant.  He's unavailable to be here today but has

8    stated he can be available starting tomorrow and so we

9    would just ask that today, that retained counsel not be

10   appointed for today.

11             MR. DRATEL:  This is a scam.  This is a scam on

12   the Court because they know that he doesn't want to --

13   this is who represented him in a capacity -- I would like

14   to discuss this but I can't do it on the record.  I

15   can't.

16             THE COURT:  I --

17             MR. DRATEL:  I legally can't.  I mean, I could

18   do it in a sealed proceeding, but I don't -- I --

19             THE COURT:  All right.  Let's --

20             MR. DRATEL:  They're playing games.

21             THE COURT:  You have any --

22             MR. DRATEL:  That's why Shreve Ariail --

23             THE COURT:  Do you have any problem with

24   sealing the courtroom and we can have an on-the-record

25   discussion?

8

Proceedings

1          MR. EDELMAN:  That's all right.  Honestly, I

2   would rather have an ex parte sealed discussion to

3   explain the conflict.

4          MR. DRATEL:  Well, why don't you -- no, I know

5   what conflict they're claiming.  I would be happy to -- I

6   know exactly what it is and I know exactly how it is

7   going to be resolved --

8          MR. EDELMAN:  Then there won't be any surprise.

9          MR. DRATEL:  -- in terms of legally.  I would

10  hope to be resolved but -- so it doesn't have to be ex

11  parte and -- but I can't do certain things on the record

12  and as soon as I get into it, you'll understand exactly

13  why.

14         MR. EDELMAN:  Your Honor, I would just ask for

15  the opportunity just to speak ex parte under seal to

16  explain the conflict and why we don't think arraignment

17  should proceed with retained counsel today and that

18  whether it's Mr. Zissou or some other CJA appointed

19  counsel, Federal Defenders also has a conflict.

20         THE COURT:  So you want to have a conversation

21  with me ex parte.

22         MR. EDELMAN:  Correct.

23         MR. DRATEL:  And I object.

24         MR. EDELMAN:  And I will proffer the basis for

25  the conflict.

Proceedings

1          MR. DRATEL:  And I object.

2          THE COURT:  And you want to have a conversation

3    with me ex parte --

4          MR. DRATEL:  No, not necessarily ex parte.

5          THE CLERK:  No.

6          THE COURT:  -- or just sealed?

7          THE CLERK:  Yes.

8          MR. DRATEL:  Just sealed.  The government --

9    they know, maybe not the assistant who stepped in but now

10   Mr. Edelman is here because Shreve Ariail went and called

11   him because outside when I said to Mr. Ariail, I said I

12   represent Mr. Skoro and he said, "Well what about Steve

13   Zissou?"  And I said, "He doesn't want Steve Zissou.  He

14   wants me."  And I've had a year-long representation of

15   Mr. Skoro.  This is a year long now since last spring.

16          So he said, "Well, I've got to go call Mr.

17   Zissou."  I said, "Well, he doesn't represent him.  Why

18   don't you speak to" --

19          THE COURT:  All right.  Here's what --

20          MR. DRATEL:  -- I would just like to put this

21   on the record, so this is --

22          THE COURT:  -- here's what we we're going to

23   do.

24          MR. DRATEL:  Yeah.

25          THE COURT:  I want to seal the courtroom.  So,

10

Proceedings

1   I'm sorry, folks.  All you folks in the gallery, you need

2   to go outside.  Any -- I don't -- I want you to go

3   outside, too.

4            UNIDENTIFIED SPEAKER:  Actually --

5            THE CLERK:  I guess Federal Defenders, too.

6            THE COURT:  You guys want to make an

7   appearance?

8            THE CLERK:  No, they're --

9            MR. HARRIS:  I'll take over from here, Judge.

10           UNIDENTIFIED SPEAKER:  Not at the moment.

11           MR. DRATEL:  No, not at the moment.  Mr.

12   Jacobson is here for other reasons but not about this.

13           THE COURT:  All right.  So why don't you guys

14   go outside, too --

15           THE CLERK:  Yes.

16           MR. DRATEL:  Is there any reason why your

17   colleagues need to be here or --

18           MR. EDELMAN:  I don't think there's a reason to

19   be here and just to be safe, your Honor, I would ask that

20   the -- everyone aside from myself, the defendant,

21   necessary court personnel and defense counsel be here.

22           THE COURT:  All right.  Sounds good.

23           THE CLERK:  Should I get out?

24           THE COURT:  It's a bit unusual.

25           THE CLERK:  I'll go out.

Proceedings

1      THE COURT:  No, court personnel stay.  So does

2  pretrial.

3      THE CLERK:  Okay.  Thank you.

4  (Unsealed portion concludes at 3:27 p.m.)

5  (Unsealed portion begins at 4:05 p.m.)

6      THE COURT:  All right.  Here's what I am going

7  to do.  And you can try to dissuade me from doing this if

8  either of you think it's wrong.  I think these issues

9  need to be dealt with and they need to be dealt with

10  appropriate filings.  I am going to remand Mr. Skoro with

11  leave to reopen and present a bail package.  As I said,

12  it doesn't make a difference if it's a temporary order or

13  a permanent order.  You need to get your sureties.  You

14  need to do all that.

15      Notwithstanding that the vast majority of

16  illegal reentry cases that I have, the defendants don't

17  make bond, they have.  With other judges, they have, too.

18  So there's at least a possibility for a bond.  But you've

19  got to get all your ducks in a row before that.

20      So I am going to sign a permanent order of

21  detention with leave to reopen and present a bail package

22  in the future.

23      My suggestion is that -- we have to deal with

24  the issue of preliminary hearing.  If Mr. Skoro wants one

25  or not.  And you can let me know in a moment.

12

Proceedings

1        But I think the government has to make a motion

2   to disqualify Mr. Dratel, on notice.  If there are things

3   that you do not want to say, then you don't say them and

4   you run the risk that the application is not sufficient.

5        Mr. Dratel should have the opportunity to

6   respond to that.  That can be handled in the first

7   instance by whoever is on duty at the time the motion is

8   filed.  I think -- I really think it's beyond the purview

9   of a magistrate judge to disqualify an attorney in a

10  criminal case.  I think it's better handled by the

11  miscellaneous judge, the district judge.

12       So that may mean that, you know -- this is an

13  unindicted case.  You could go seek an indictment.  Have

14  a judge assigned.  Or just file a motion with the

15  miscellaneous judge right away.  I don't -- it's six to

16  one, half a dozen of the other.

17       Does Mr. Skoro want a preliminary hearing?  I

18  know that sort of forces the government's hand.

19       MR. DRATEL:  Yeah, but you know strategically

20  from my perspective, we'll wait till the 30th day on

21  that.

22       THE COURT:  All right.

23       MR. EDELMAN:  I'm not in a rush to force their

24  hand.  I know (indiscernible).

25       THE COURT:  This bond that you gave me -- Sumae

Proceedings

1   it says ICE detainer lodged?

2            THE CLERK:  Oh, what?

3            THE COURT:  Do we know that?

4            THE CLERK:  I don't.

5            THE COURT:  Okay.

6            THE CLERK:  Because he refused to be

7   interviewed, so --

8            THE COURT:  Well, we could search anyway,

9   right, without it but it doesn't look like there was one.

10  But in light of the pending -- the nature of the charges

11  and Mr. Skoro's lack of status, I think a permanent order

12  is appropriate with leave to reopen and present a bail

13  package.

14           MR. EDELMAN:  Your Honor, I just ask for one

15  additional item.  Can we just have a second call on this,

16  just so I can confer with supervisors again, just to

17  determine -- because I know if Mr. Skoro is sent back and

18  we're not able to go back before say the miscellaneous

19  judge right now, I would just ask for a little bit of

20  time to confer with them to see whether we want to rush

21  to the miscellaneous judge right now while Mr. Skoro is

22  still here, Mr. Dratel is here --

23           THE COURT:  Well, what --

24           MR. DRATEL:  (Indiscernible) papers?

25           THE COURT:  There's nothing --

14

Proceedings

1          MR. EDELMAN:  We would be filing perhaps very

2    quickly draft a letter or orally submit our motion to

3    disqualify Mr. Dratel with the miscellaneous judge and I

4    would just ask that we be given a little bit of time to

5    confer as to whether we want to do that immediately,

6    right now, with Mr. Skoro still here or if we're willing

7    to say, you know, write it tonight and let Mr. Dratel's

8    representation proceed until the motion is adjudicated.

9          MR. DRATEL:  The Court has ordered that they

10   file it in writing.  I need the opportunity to respond.

11   I'm not going to draft it on the courthouse on my phone.

12          THE COURT:  Okay.

13          MR. EDELMAN:  Your Honor, right now I would ask

14   for a second call.

15          MR. DRATEL:  There's no reason not to go

16   forward.

17          MR. EDELMAN:  I ask for a second call right

18   now, so I can --

19          MR. DRATEL:  Under the (indiscernible) -- there

20   is nothing to go forward under the circumstances that the

21   Court has set forth.  I mean, I don't know what else to

22   say when I'm not, you know, privy to what has been -- I

23   also would move to obviously unseal or open the ex parte

24   part.  I'm going to do that as a formality because

25   obviously I want access to that because number one, it's

15

Proceedings

1    about him, it's about me.  I don't believe there's

2    anything in it that I don't know, that he doesn't know.

3    So -- and if there is, then it's not a conflict.  That's

4    not in either of our heads.  It's not a conflict.

5            THE COURT:  Well, I am not sure that that --

6    that I agree with that because there may be a conflict

7    with -- well, I don't want to say anything because the

8    government did make that application ex parte.  I take

9    that very seriously.  I think you need to raise it with

10   the miscellaneous judge.  I think you need to do it on

11   paper.  I really do.  You know, it --

12           MR. EDELMAN:  I understand, your Honor.  I

13   literally just ask --

14           THE COURT:  What's going to happen between now

15   and tomorrow, whoever is working the case.  It's not your

16   -- is it your case?

17           MR. EDELMAN:  This case is mine.

18           THE COURT:  All right.  Other than the, you

19   know, ten other things you have to do between now and

20   tomorrow --

21           MR. EDELMAN:  Your Honor, I simply ask for a

22   short very period of time to confer with my supervisors

23   to determine whether we may wish to, despite your Honor's

24   ruling that the motion must be made in writing, whether

25   we can go to the miscellaneous judge and if he or she

16

Proceedings

1   were to accept that it be adequate --

2            THE COURT:  I can make it even easier.  I mean

3   -- I don't know if that's easier.

4            MR. DRATEL:  Your Honor, I don't understand.

5   The Court ordered.  They keep going.

6            MR. EDELMAN:  Your Honor, I ask for a stay of

7   that order.

8            MR. DRATEL:  They've had plenty of time.  He

9   was out there for twenty minutes texting with all of his

10  people.  This is stalling tactic.  Let's get moving.

11  This guy's in jail.  Let's get moving.

12           MR. EDELMAN:  Your Honor, the defendant is not

13  going anywhere as your Honor ordered.

14           MR. DRATEL:  That's right.

15           THE COURT:  So if --

16           MR. EDELMAN:  I ask for fifteen minutes.

17           MR. DRATEL:  Why --

18           THE COURT:  I'll give you ten.

19           MR. EDELMAN:  Thank you, your Honor.

20           THE COURT:  I mean --

21           MR. DRATEL:  I understand the Court ordered --

22  (Recess from 4:12 p.m., until 4:23 p.m.)

23           THE CLERK:  We're back on the record in open

24  court.

25           THE COURT:  All right.

17

Proceedings

1          THE CLERK:  Yes.

2          THE COURT:  So to recap, I ordered Mr. Skoro to

3   be remanded with leave to reopen and present a bail

4   package in the future.  I initially said I would like the

5   government to make its motion to disqualify in writing

6   and Mr. Skoro also  waived a preliminary hearing.

7          MR. DRATEL:  To the 30th day.

8          THE COURT:  To the 30th day.  Now --

9          MR. EDELMAN:  Thank you, your Honor, also for

10  the indulgence for the opportunity to consult.  I've

11  consulted with the supervisors and we're willing to make

12  our position known and phrase it as we would like in a

13  written submission to the miscellaneous judge, which is I

14  believe is in accordance with your wishes.

15         THE COURT:  How soon can you make that motion?

16         MR. EDELMAN:  We can certainly make it by the

17  end of the week, shorter if your Honor would like.

18         THE COURT:  How much time do you need to

19  respond?

20         MR. DRATEL:  It depends on the -- depends on

21  two things.  One, it depends on the length --

22         THE COURT:  How extensive it is.

23         MR. DRATEL:  Well, it depends on the length of

24  the -- of what it is and the second is whether it's going

25  to have stuff that's ex parte or who knows what's going

18

Proceedings

1  to be in it?  I don't know.  I mean, it's an issue.  You

2  know, I have no clue other than it's without merit.

3          THE COURT:  Uhm.

4          MR. DRATEL:  When I say no clue, it's not a

5  clue about what they claim is a conflict, no clue how it

6  makes it conflict.

7          THE COURT:  Okay.  The government to make its

8  application by Friday.  I mean -- so it's going to be a

9  different miscellaneous judge next week.  Right?

10          THE CLERK:  I don't know who it is actually.  I

11  could find out -- for next week?

12          MR. DRATEL:  I'm away Monday, Tuesday and

13  Wednesday of next week.  I have to go to Wyoming County

14  in Elmira to interview witnesses in the New York State

15  System, so it's not a --

16          THE COURT:  All right.

17          MR. DRATEL:  -- it's not the optimal trip.

18          THE COURT:  Friday, the following Friday?

19          MR. DRATEL:  Yeah.

20          THE COURT:  All right.  The following Friday.

21  So it may be even a different miscellaneous judge because

22  they're not going to get to it that --

23          MR. DRATEL:  Right.

24          THE COURT:  -- you know, promptly. So it would

25  be on the Monday after that, probably.

Proceedings

1          MR. DRATEL:  Yes.

2          MR. EDELMAN:  Sorry, just so I am clear.  The

3    government submitted --

4          THE CLERK:  So the 18th, right, the following

5    Friday?

6          THE COURT:  So Friday is the 4th.

7          THE CLERK:  Right.

8          THE COURT:  You submit it the 4th.

9          THE CLERK:  And then you --

10         THE COURT:  And then Mr. Dratel will respond on

11   the 11th.

12         THE CLERK:  Oh, the 11th, okay.  By 11 --

13         THE COURT:  And then --

14         MR. DRATEL:  The judge will --

15         THE COURT:  I don't know -- I'm sorry, but I

16   don't know the procedure for getting on the miscellaneous

17   judge's calendar.  It's not something that I do.

18         MR. EDELMAN:  My understanding is sometimes the

19   miscellaneous judge will keep it but I am not sure.  If

20   they pick it up the first motion is made to that judge,

21   he or she may --

22         MR. DRATEL:  We'll see whoever it is next week.

23         MR. EDELMAN:  -- keep it.

24         THE COURT:  That's fine.

25         MR. EDELMAN:  And, sorry, Judge, I just wanted

Proceedings

1   to -- we were talking briefly about the proceeding after

2   the ex parte before this proceeding, there was a slight

3   colloquy when I asked for the time to consult, my only

4   concern is that there was some discussion about, even

5   just the general nature of the conflict, although not

6   specifics, that had to be done ex parte certainly, but

7   still concerned as to whether that proceeding should just

8   be under seal, ordered under seal and kept between the

9   government and defense.

10          THE COURT:  I don't think there was anything

11  after this issue was raised that was in public.  It was

12  either -- it was a sealed courtroom.  We had a discussion

13  on the record.  Then I asked Mr. Dratel to leave and Mr.

14  Skoro went back.  And it was just your ex parte

15  application.  Then we came back and no one was in the

16  courtroom.

17          MR. EDELMAN:  That's my recollection.

18          MR. DRATEL:  I don't recall.

19          THE COURT:  So then -- and I don't think we had

20  too much substantive discussion, if any.

21          MR. DRATEL:  Right. I don't think anything has

22  to be sealed that really shouldn't be sealed.  I don't

23  think sealing is the presumption.  Open court is the

24  presumption.

25          THE COURT:  Yeah.

21

Proceedings

1          MR. EDELMAN:  Of course.

2          MR. DRATEL:  I know what was discussed.  What

3   was discussed was I said is that -- what I said is that,

4   "It's not in my  head and it's not in his head and I

5   don't see how it could be a conflict."

6          And the Court said, "Well, not necessarily,"

7   and then you said, "Well maybe I shouldn't go any

8   further."  And to me that is not disclosing anything --

9          THE COURT:  Yeah.

10          MR. DRATEL:  -- that should be on the record.

11          THE COURT:  I'm not concerned with it.

12          MR. DRATEL:  Yes.

13          MR. EDELMAN:  Okay.  Thank you, your Honor.

14          THE CLERK:  Okay, thank you.

15          THE COURT:  All right.

16          MR. DRATEL:  Enough, enough, you know, off the

17   record (indiscernible).

18          THE CLERK:  Thank you.

19          MR. DRATEL:  Okay.

20   (Recess from 4:28 p.m., until 4:29 p.m.)

21          UNIDENTIFIED SPEAKER:  -- Mr. Dratel is found

22   to be conflicted, that the government is going to make an

23   application that CJA counsel rather than Federal

24   Defenders be appointed, we would ask to be heard and have

25   a separate conflict proceeding as to that.  I assert

22

Proceedings

1    myself now because if it proceeds ex parte and under

2    seal, we wouldn't know at which point to do that.

3            So I want to put on the record that Federal

4    Defenders would like to also have a conflict proceeding

5    if the government intends to take that position if Mr.

6    Dratel is determined to be conflicted.  It's my

7    understanding that they have a CJA lawyer they would like

8    to represent Mr. Skoro --

9            THE COURT:  That's not -- I don't know how that

10   would happen.  You don't get to pick their --

11           MR. DRATEL:  Oh, they did.

12           THE COURT:  You don't get to pick his lawyer.

13           MR. DRATEL:  No, but they had the guy --

14           THE COURT:  Yeah, but that's fine.  They can

15   have, you know, Clarence Darrow here and but we appoint

16   who we're going to appoint, pursuant to our normal

17   practice.  I don't think he's related to you but --

18           UNIDENTIFIED SPEAKER:  (Indiscernible).

19           THE COURT:  -- maybe he is, who knows?

20           UNIDENTIFIED SPEAKER:  We can only hope.  My

21   only concern was exactly what you voiced, which is the

22   government had represented that they believed there was a

23   particular CJA lawyer who should be on the case and that

24   gave me concern, as opposed to either us or the random

25   CJA lawyer, as opposed to a hand-selected one by the

23

Proceedings

1  government.  So I would ask that --

2            THE COURT:  I thought it was that you -- you

3  want the Federal Defenders to be appointed?

4            UNIDENTIFIED SPEAKER:  I would like us to be

5  appointed if --

6            THE COURT:  And that's the default.

7            UNIDENTIFIED SPEAKER:  That is the default,

8  your Honor.

9            THE COURT:  If Mr., you know -- I mean the

10  question is raised is Mr. Skoro can afford to retain Mr.

11  Dratel, why should we be appointing CJA or Federal

12  Defenders.

13            UNIDENTIFIED SPEAKER:  All right.  So that's a

14  separate question, of course, but if we end up --

15            THE COURT:  Interrelated.

16            UNIDENTIFIED SPEAKER:  -- disqualification --

17            THE COURT:  So you put in your letter to the

18  miscellaneous judge that the Federal Defenders wants the

19  opportunity to be heard on should the motion be granted,

20  who gets appointed to represent Mr. Skoro.

21            UNIDENTIFIED SPEAKER:  Thank you, your Honor.

22            MR. EDELMAN:  We'll include that.

23            THE COURT:  All right.

24            THE CLERK:  All right.

25            MR. DRATEL:  Your Honor, I am just curious

24

Proceedings

1  about the status of the detention hearing in the sense

2  that so if I have --

3          THE COURT:  You can come back at any point in

4  time and make a pitch to be -- for a bond, if you have

5  all your sureties and all that.  Understand though that

6  it's likely to be faced with whoever is going to be on --

7  I mean, you could come back tomorrow and try it with me

8  but I am going to tell you let's hold off and let's see

9  what happens.

10         MR. DRATEL:  I won't do it just for that

11 purpose but -- yes.

12         THE COURT:  But until this motion is heard, I

13 don't think any of us would entertain that application.

14         MR. DRATEL:  And the Court understands as I

15 stated before, that I think that that is an

16 unconstitutional -- an infringement on the right to bail,

17 so that I would object to any delay based on that motion,

18 interfering with the bail because the government,

19 regardless of what they said ex parte, certainly has --

20         THE COURT:  Make --

21         MR. DRATEL:  -- made a point -- that somehow it

22 interferes with bail, as the Court itself noted, you

23 know, that why that would interfere with bail is a

24 separate question.

25         THE COURT:  If you --

25

Proceedings

1          MR. DRATEL:  We'll be back before this motion

2    is teed up.

3          THE COURT:  That's fine.  That's fine.  That's

4    fine.

5          MR. EDELMAN:  That's fine.  I would just note I

6    think that issue is not ripe at all right now to decide,

7    whether holding detention --

8          THE COURT:  I'm not --

9          MR. EDELMAN:  -- pending that motion is --

10          THE COURT:  Come back whenever you're ready,

11    whenever you think you have a sufficient bail package to

12    present to whomever is sitting in the chair.  All right?

13          MR. EDELMAN:  Thank you, your Honor.

14          MR. DRATEL:  Thank you, your Honor.

15                    (Matter concluded)

16                         -oOo-

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **5th** day of **March**, 2016.

27

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.